PER CURIAM.
We reverse the final order of the Unemployment Appeals Commission which denies appellant benefits. The decision turns on the portion of the opinion where the commission states that the referee “accepted the evidence, although not reflected in his findings” that appellant verbally abused a child who had previously been the victim of abuse. The decision of the referee does not support the commission’s characterization of it. The decision contained the following findings of fact:
The claimant worked for this employer as a child care giver for over one year. The employer provides care for abused children. During her last weekend of employment, the claimant was a supervisor of the facility. Each care giver is responsible for a certain number of children. Approximately May 5, 1997, the supervisor received reports that the claimant had not been attentive to the children under her care and had spent a considerable amount of time on the telephone dealing with personal problems. A note left by the claimant confirmed some of the reports given to the employer as the claimant admitted that on at least one occasion, she had spent almost an hour on the telephone with a friend in Orlando, Florida. Based upon the reports received from her co-workers and the claimant’s admission of phone use, the claimant was discharged from her employment.
The referee’s decision then concludes that although “there was some negligence on the claimant’s- part,” there was “insufficient evidence presented to show [an] overall disregard of the employer’s interests.” Appellant contested the occurrence of the “verbal abuse” incident, and the referee did not find that it occurred. The referee’s decision is based on other conduct. The commission may not reweigh or recharacterize the evidence and substitute its own findings for those of the referee. See Grossman v. Jewish Community Ctr. of Greater Fort Lauderdale, Inc., 704 So.2d 714, 715 (Fla. 4th DCA 1998); Volk v. Florida Unemployment Appeals Comm’n, 673 So.2d 574 (Fla. 4th DCA 1996).
The order appealed is reversed and the case is remanded to enter an order consistent with the decision of the referee.
GROSS and TAYLOR, JJ., and SCHACK, LARRY, Associate Judge, concur.